MEMORANDUM ON RULE, TO SHOW CAUSE
ADKINS, J.
1. It seems to me that the effect of the written agreement of September 15, 1933, was to create the relation of *11 landlord and tenant between plaintiff Kathryn R. Dufresne and defendant Redding and his associates.
2. In the landlord and tenant proceeding, No. 612545, brought by the present plaintiff against the present defendant and the other parties to the written agreement the Municipal Court was required to pass on the legal effect of this written agreement. The court decided that it did create the relation of landlord and tenant between the parties. In my opinion the question was properly before the Municipal Court and the decision of that court constitutes res adjudieata which is binding upon both of the parties to this suit.
3. Since the agreement requires defendant to pay the' rent out of the moneys to be collected by him from his roomers and boarders it may be that the agreement gives plaintiff an equitable lien on those funds enforceable by suit in equity; but in view of the allegations of the present bill of complaint I think no relief can be granted under it on the theory of equitable lien.
4. It follows that the rule to show cause should be discharged and the motion for receiver and injunction denied; and that the motion to dismiss the bill of complaint should be granted, with leave to plaintiff to amend if she so desires.
LUHRING, J.
Where the plaintiff seeks the appointment of a receiver, the bill should state with particularity the facts that constitute the basis of the desired action. It will not be sufficient that the necessity for the appointment may be inferred from facts vaguely stated. This requires a clear statement of the plaintiff’s title or interest in the property sought to be conserved, a description of the property itself, the imminent danger of loss unless the receiver is appointed, the alleged improper or illegal act which is the basis for the *12 relief prayed, and enough, to show that the remedy at law is inadequate. Clephane PL & Pr. 140.
The bill alleges that in September, 1933, the plaintiff entered into a written agreement with the defendant, H. E. Bedding and Emma Redding and Dessie G. Talbert, whereby the last named parties entered into possession of the premises at 1753 N Street, N. W., and it is alleged that in a proceeding before the Municipal Court of the District of Columbia this written agreement was construed by that court to create the relationship of landlord and tenant. It ■appears from the bill that this agreement expired on the 31st day of October, 1934. However, it is alleged that by the terms of the agreement the “tenants” were to collect the rents from said premises and out of said rents so collected they were to pay the plaintiff the sum of $175 and “that in any event, the plaintiff was to receive the sum of $175 each month from and out the said rents so collected.”
In Paragraph 5 of the bill, the plaintiff alleges that she rented the premises from Thomas J. Fisher under a yearly lease which “expired on the same day the agreement of the plaintiff and defendant herein. ’ ’ The plaintiff further states that she hesitated to renew the lease with Fisher and Company “and therefore renew her agreement with the said tenants.” This paragraph continues with the allegation as follows: “Your petitioner further says that thereafter the said Emma Bedding and Dessie G. Talbert moved from said premises and ceased to occupy any part of said property or collect any rents therefrom. ’ ’
There is no allegation in the bill that the plaintiff renewed her lease with Fisher and Company or that she had any interest in these premises after the expiration of her lease with that company. Paragraph 6 wholly fails in this respect. The Court is required to infer from the vague and indefinite allegations of Paragraph 7 that she did enter into a leasing agreement with Fisher and Company, and *13 such an inference must be based on the concluding allegation of that paragraph as follows: “said increase being due to the increase in plaintiff’s rent to Thomas J. Fisher and Company.”
Furthermore, from all that appears in the bill the Court may properly infer that the plaintiff has an adequate remedy at law as given to her by Secs. 325 et seq., Title 25, Code of the District of Columbia, as the Court is not advised whether the tenant has “personal chattels on the premises, as are subject to execution for debt.”
The motion for the appointment of a receiver must, therefore, be denied and the motion to dismiss the bill sustained. Ten days leave will be given plaintiff to amend the bill.
For general discussion of equitable liens, see 3 Pomeroy Eq. Jur. 1235 et seq.